## HOTCHKISS and others *vs.* THE ARTISANS' BANK.

The plaintiffs, who were bankers in the country, sent by express to the defendant, a bank in the city of New York, with which they kept an account, a sealed package of bank notes, directed to the cashier of the defendant. The package reached the city, and was delivered by an employee of the express company to one S. who was then, and had been for some time, the assistant receiving teller of the bank, or acting as such, and who gave a receipt therefor. The package was handed to S. while he was at the receiving teller's desk, during the temporary absence of the receiving teller therefrom. The package was never in fact delivered by S. to the cashier, and neither the package nor its contents ever came to the hands of the cashier, or into the possession of the bank.

*Held* that the bank, by placing S. behind the railing, and permitting him to act there as assistant receiving teller, presented or held him out to the express agent as authorized to receive the package, at least for the purpose of delivering it to the cashier; that the express agent had a right to assume that S. was honest, and careful, and that he would deliver the package to the cashier; and that he was not bound to insist on delivering the package to the cashier, personally.

Accordingly *held* that the loss of the money must fall upon the bank, instead of the express company.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover the sum of $1500, which the plaintiffs claimed to have deposited with the defendant, a banking association doing business in the city of New York, on the 29th of September, 1860. The referee reported in favor of the plaintiffs for the amount claimed, with interest.

*A. Prentice*, for the appellant.

*John Townsend, Jr.* for the respondents.

*By the Court*, SUTHERLAND, J.   It would have been better if the referee had found the facts specially in this case, and then his conclusion from these facts, as to the liability of the defendant.

The referee found as a fact, that the plaintiffs, on or about the 29th day of September, 1860, deposited with the defend-

ant $1500, but it is evident on looking into the case, that we should look upon this finding rather as a conclusion of law from the facts established by the evidence. The facts, however, in my view of the case, upon which the question of liability depends, are so few and free from dispute, that it is hardly worth while to send the case back for more special findings.

What are these facts? The plaintiffs, who were bankers, at Phelps, in Ontario county, kept an account with the defendant The Artisans' Bank in the city of New York, and on the 28th day of September, 1860, sent by the American Express Company to the defendant a sealed package of bank notes, amounting to $1500, superscribed or directed "R. A. Tooker, cashier of the Artisans' Bank, New York." The next day (the 29th of September, 1860,) the package was delivered by an employee of the express company (whose business it had been for many years to deliver packages for the express company) to an employee or clerk of the bank, during banking or business hours, standing or being behind the railing in the banking room or house, at or near one of the openings in such railing. The package was never in fact delivered by such employee of the bank to R. A. Tooker, the cashier of the bank. Neither the package nor its contents ever came to the hands or desk of the cashier; nor did the money ever go into the till or vault of the bank. The package was either lost, or its contents misappropriated, after the package was received by the employee of the bank. The evidence conclusively shows that the package was delivered by the employee of the express company to one R. M. Shotwell, who was then and had been for some time the assistant receiving teller of the bank, or acting as such, and that the express agent took Shotwell's receipt therefor; and the evidence tends almost exclusively to show, as I assume, that the package was handed to Shotwell while he was at the receiving teller's desk during the temporary absence of the receiving teller from his desk. I think the evidence also shows, and I

assume, that when the package was handed to Shotwell, the cashier was in the banking room or house, probably at his own desk, and that the employee of the express company did not inquire or look for him.  The plaintiffs proved, under objection and exception by the defendant, that previously, on the 22d day of September, the same employee of the express company delivered a package of money from the plaintiffs to Shotwell, and took his receipt therefor, in the same manner that he delivered the package on the 29th of September, and that the plaintiffs received credit for the package so delivered on the 22d of September.  The plaintiffs also proved, under objection and exception by the defendant, that express agents were in the habit of depositing packages at the receiving teller's desk; and it was shown without objection that the receiving teller sometimes received and receipted packages addressed to the cashier, and that the receiving teller had several times received packages by express from the hands of Shotwell; and it was also shown that the duties of Shotwell were to assist the receiving teller in making up exchanges and going to the clearing house, and in taking deposits and in receiving packages of money, specie or any thing else; and that, in the absence of the receiving teller, he attended to his entire duties.

Now, on these facts, what is the question upon which the liability or obligation of the defendant to account to the plaintiffs for the package delivered to Shotwell on the 29th of September depends?  Plainly, I think, whether the employee of the express company was or was not justified in assuming that he was authorized to deliver the package to Shotwell for the cashier.  If the employee of the express company was justified in thus assuming, then he was not in fault, and the defendant must bear the loss, and the plaintiffs had a right to recover in this action.  If he was not justified in thus assuming, then he was in fault, and the express company, whose agent he was, must bear the loss, and the plaintiffs had not a right to recover in this action.

No doubt a delivery to the cashier would have been a delivery to the bank, but the question is not whether the package was in fact delivered to the cashier or to the bank, or whether Shotwell was in fact authorized by the bank to receive and receipt the package, but whether Shotwell was held out by the bank as authorized to receive and receipt the package, and deliver it to the cashier.

After this statement of the facts and of the question in the case, argument can hardly be necessary to show that the bank should bear the loss, and that the judgment should be affirmed. The bank, by placing Shotwell behind the railing and permitting him to act there, as assistant receiving teller, presented or held him out to the express agent as authorized to receive the package, at least for the purpose of delivering it to the cashier. It is easy to see that the convenience of banking institutions as well as of the public would be likely soon to establish the usage of delivering letters, and even packages of money, for the cashier, at one of the business openings in the railing, most likely at the receiving teller's desk or opening. In this case it would not be reasonable to require that the express agent, to free himself from negligence, should have insisted upon seeing the cashier, and delivering the package to him personally.

The express agent had a right, I think, to assume that Shotwell was honest and careful, and that he would deliver the package to the cashier.

The question in the case being one of conduct rather than of contract, I think the evidence, as to the habit or usage of delivering packages at the receiving teller's desk, and as to the delivery of a package to Shotwell, on a previous occasion, which was received by the bank, was admissible. I do not think that this evidence was necessary to show the defendant's liability; but I think it was pertinent, for it tended to show that the defendant had held Shotwell out to the public as authorized to receive letters or packages addressed to the cashier, for the purpose of delivery to him.

The case of *Russell* v. *The Hudson River R. R. Company*, (17 *N. Y. Rep.* 134,) shows that the defendant's exceptions to the admission of the entries in the books of the express company were not well taken. ·

My conclusion is that the judgment should be affirmed, with costs.

[New York General Term, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]